IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**07 C 6727**

| | | |
|---|---|---|
| CAPITAL TAX CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-CV-_____ |
| | ) | |
| MERVYN DUKATT, | ) | **JURY DEMANDED** |
| | ) | |
| Defendant. | ) | |

**JUDGE NORGLE**
**MAGISTRATE JUDGE SCHENKIER**

## COMPLAINT

CAPITAL TAX CORPORATION, by its attorneys, Schain, Burney, Ross & Citron, Ltd., files its Complaint against Mervyn Dukatt, and alleges as follows:

### PARTIES

1. Capital Tax Corporation ("CTC") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business at 100 North LaSalle Street, Suite 1111, Chicago, Cook County, Illinois.

2. Defendant, Mervyn Dukatt ("Dukatt"), is an individual who resides in Illinois, and who regularly conducts business in Cook County, Illinois.

### JURISDICTION

3. This court has jurisdiction under 28 U.S.C. §1331 and §1367, 42 U.S.C. § 9613, and Rule 14 of the Federal Rules of Civil Procedure.

### VENUE

4. Venue in the District is proper under 42 U.S.C. §9613(b) because the transaction and damages underlying the claims occurred in this District, and because Dukatt regularly conducts business in this District.

## NATURE OF THE ACTION

5.       This Complaint against Dukatt follows a judgment rendered against CTC in the action entitled, <u>United States of America v. Capital Tax Corporation, Steven J. Pedi, and William Lerch</u>, 04-CV-4138, currently pending before the Honorable George M. Marovich in the Eastern Division of the Northern District of Illinois Federal Court ("Lawsuit").

6.       In the Lawsuit, the Plaintiff, United States of America ("U.S.") brought this action against CTC, Stephen J. Pedi ("Pedi"), and William Lerch ("Lerch"), pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601, *et seq.* In its first claim for relief, the U.S. sought recovery of response costs allegedly incurred and to be incurred by the U.S. in responding to releases and threatened releases of hazardous substances into the environment at and from property located at 7411-7431 South Green Street, Chicago, Illinois.

7.       The property located at 7411-7431 South Green Street is comprised of seven distinct parcels of land, each bearing its own property identification number ("PIN").  The PINs that comprise 7411-7431 South Green Street are as follows:  20-29-230-005, 20-29-230-026, 20-29-230-008, 20-29-230-009, 20-29-230-010, 20-29-230-011, and 20-29-230-012.  (Parcels of land will be hereinafter identified by the last one or two digits of the PIN.)

8.       In the Lawsuit, CTC, Pedi, and Lerch were named as defendants because they were alleged to have either owned or operated 7411-7431 Green Street, or portions of it, at the time the hazardous substances entered the environment.  Namely,

CTC was alleged to be the present owner of parcels 5, 9, 11, 12, and 26 (hereinafter collectively referred to as the "Dukatt Parcels"), while Pedi and Lerch were alleged to be the present owners of parcels 8 and 10, and the past and present owners and operators of *all* the parcels.

9. In the Lawsuit, the U.S. alleged that, despite the differing ownership, all seven parcels located at 7411-7431 South Green Street, Chicago, Illinois, constituted a "facility" within the meaning of CERCLA Section 9601(20)(A), 42 U.S.C. § 9601(20)(A), because all the parcels taken together constitute an area where hazardous substances allegedly have been deposited, stored, disposed of, placed, or otherwise came to be located. A true and correct copy of the Complaint filed by the Plaintiff is attached hereto as Exhibit A.

10. The trial court held that the Dukatt Parcels were a part of the "facility" and imposed liability on CTC, *regarding all seven parcels*.

11. On October 9, 2007, and as modified on October 23, 2007, the Honorable George Marovich issued an order and docket entry which granted partial summary judgment to the U.S. on its CERCLA claims, held CTC and William Lerch jointly and severally liable to the U.S. for the recovery and response costs incurred in the amount of $2,351,337.79, and held CTC liable to the U.S. for civil fines in the amount of $230,250.00 ("Judgment").

12. Plaintiff, CTC, pursuant to Section 113(f) of CERCLA, 42 U.S.C. §9613(f), and Rule 14 of the Federal Rules of Civil Procedure, brings this Complaint against Dukatt. CTC seeks contribution from Dukatt with respect to any and all response costs or other monetary damages adjudged against CTC in the Lawsuit by virtue of Dukatt's

3

ownership and operation of the Dukatt Parcels.

13. In addition, CTC seeks common law indemnification from Dukatt for all response costs or other monetary damages adjudged against CTC in the Lawsuit because Dukatt was owner of the Dukatt Parcels. CTC held title to the Dukatt parcels to protect its security interest, and as such, Dukatt is obligated to indemnify CTC for any liability incurred concerning the hazardous substances at the Facility.

### **FACTS COMMON TO ALL COUNTS**

14. CTC is in the business of purchasing delinquent real estate taxes or "tax certificates" at tax sales, and then reselling the properties contingent upon obtaining the necessary tax deed(s).

15. Under the tax sale process, interested parties such as CTC bid on the outstanding taxes. The successful bidder is awarded a tax certificate, which operates as a lien. The owner of the real estate who failed to pay the taxes may, for a statutorily-designated period of time, redeem the property by paying back the holder of the tax certificate. If the property is not redeemed within the allowable time period, the tax certificate holder may obtain a tax deed to the real estate.

16. Prior to October 30, 2001, all seven of the parcels located at 7411-7431 South Green Street, which the government chose to identify in the Lawsuit as one "facility," were owned by the defendant Pedi and operated by Lerch, Pedi, and their company, National Lacquer and Paint. Lerch, Pedi, and National Lacquer and Paint stopped paying property taxes, and five of the seven parcels were put on auction at a tax scavenger sale.

17. CTC successfully bid on the delinquent taxes, and ultimately acquired tax

certificates for five of the seven parcels: parcels 5, 26, 9, 11, and 12, i.e., the Dukatt Parcels.

18. Prior to applying for tax deeds for the Dukatt Parcels, Dukatt agreed that he would purchase the Dukatt Parcels from CTC if CTC would obtain tax deeds to those parcels ("Agreement").

19. Pursuant to the Agreement, CTC obtained tax deeds and, accordingly, legal title to the Dukatt Parcels on behalf of Dukatt.

20. Based on the Agreement, Dukatt took possession of the Dukatt Parcels and commenced activities consistent with his ownership including but not limited to: exclusively holding the keys to the Dukatt Parcels to the exclusion of CTC; spending approximately $10,000 of his own money making improvements to the Dukatt Parcels; exercising authority regarding compliance with environmental regulations; and hiring one or more crews of workers to dismantle and scrap machinery and equipment, and to modify and make repairs to one or more structures on the Dukatt Parcels.

21. Dukatt did not need or ask for CTC's permission to conduct any of these activities on the Dukatt Parcels. CTC did not have keys to the Dukatt Parcels and had no ability or authority to enter, monitor, or control Dukatt's activities.

22. As owner, Dukatt was responsible for maintaining the Dukatt Parcels in good condition such that no violation of the law, including CERCLA, would exist.

23. Dukatt paid CTC some, but not all, of the money owed to CTC for the purchase of the Dukatt Parcels.

24. Accordingly, CTC retained legal title to the Dukatt Parcels, in order to protect its security interest and to assure full payment by Dukatt.

25. Thus, Dukatt is the equitable owner and the owner in fact of the Dukatt Parcels.

26. As such, Dukatt is under an obligation to indemnify CTC for any and all liability adjudged against CTC in the CERCLA Lawsuit by virtue of Dukatt's ownership, operation, and exclusive possession of the Dukatt Parcels.

27. Dukatt is a "person" and both the "owner" and "operator" within the meaning of CERCLA, who owned and operated the Dukatt Parcels at the time response costs were incurred and at the time hazardous substances were disposed.

28. Dukatt is a party who is liable under CERCLA Sections 107(a)(1) for the costs of response incurred, or to be incurred by the U.S.

## COUNT I
### (Contribution Under CERCLA § 113)

29. CTC incorporates paragraphs 1 through 28 as paragraph 29 of Count I as though fully set forth herein.

30. CERCLA Section 107(a), 42 U.S.C. § 9607(a), provides, in pertinent part that:

> (1) the owner or operator of a vessel or a facility,
>
> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which hazardous substances were disposed of,
>
> (3) any person who by contract, agreement or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances,
>
> (4). . . from which there is a release, or a threatened release which

6

causes the incurrence of response costs, of a hazardous substance, shall be liable for —

(A)   all costs of removal or remedial action incurred by the United States Government ... not inconsistent with the national contingency plan; [and]

(B)   any other necessary costs of response incurred by any other person consistent with the national contingency plan....

31.   Section 113 of CERCLA, 42 U.S.C. § 9613 provides in relevant part:

Any person may seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title, during or following any civil action under section 9606 of this title or under section 9607(a) of this title. Such claims shall be brought in accordance with this section and the Federal Rules of Civil Procedure, and shall be governed by Federal law. In resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate. Nothing in this subsection shall diminish the right of any person to bring an action for contribution in the absence of a civil action under section 9606 of this title or section 9607 of this title.

32.   CTC has been found liable to the U.S. for response costs, and a Judgment has been entered against it in the Lawsuit.  Accordingly, Dukatt is liable for all or part of the U.S.' claim against CTC, and is liable to CTC in contribution under Section 113(f) of CERCLA.

WHEREFORE, CTC prays for a judicial determination:

A.   Finding Mervin Dukatt to be liable in contribution for such amounts of CTC's liability to the United States that exceed the equitable share of liability that CTC should bear;

B.   Entering a judgment against Mervin Dukatt and in favor of CTC to the

        extent CTC, at the time judgment is entered, has paid more than its allocable share of the United States' response costs and such third-party defendant has paid less than its allocable share;

C.     Allocating response costs of the United States among liable parties using such equitable factors as the court determines are appropriate;

D.     Awarding CTC its cost in bringing this action; and,

E.     Granting CTC such other and further relief as the court deems just and proper.

## COUNT II
### (Indemnification)

33.     CTC incorporates paragraphs 1 through 32 as paragraph 33 of Count II as though fully set forth herein.

34.     Even if Dukatt is not the legal owner, CTC obtained title as agent for Dukatt, and therefore, Dukatt is under an obligation to indemnify CTC for any and all liability adjudged against CTC resulting from actions taken by CTC as agent for Dukatt.

35.     CTC has incurred attorneys' fees and other expenses in defending against the CERCLA lawsuit.  Dukatt is under an obligation to indemnify CTC for such attorneys' fees and other expenses incurred in the CERCLA lawsuit.

      WHEREFORE, Plaintiff, Capital Tax Corporation, requests this honorable Court to enter judgment against Mervyn Dukatt for indemnification, and enter an order requiring Mervyn Dukatt to indemnify Capital Tax Corporation for all liability adjudged against it by the U.S. pursuant to CERCLA, for its attorneys' fees and to award such other and further relief as this Court deems proper.

>Respectfully submitted,
>
>**CAPITAL TAX CORPORATION**
>
>  s/  Glenn C. Sechen
>GLENN C. SECHEN
>One of its Attorneys

Glenn C. Sechen, ARDC #2538377
James R. Griffin, ARDC #6243030
M. Hope Whitfield, ARDC #6284253
Schain, Burney, Ross & Citron, Ltd.
222 N. LaSalle Street, Suite 1910
Chicago, Illinois  60601
(312) 332-0200

\\Sbrcfs2\home\GCS\CapitalTaxCorp\Draft Pleadings\Dukatt Complaint\Complaint CTC v Dukatt-GCS 11-9-07 DRAFT 5.doc